UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:07-cv-368

| JOSEPH E. PIERSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | ORDER |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on the cross Motions for Summary Judgment (Doc. Nos. 16, 17). The magistrate judge entered a Memorandum and Recommendation ("M&R") (Doc. No. 19), recommending that the Court deny plaintiff's motion, grant defendant's motion, and uphold the Commissioner's decision denying benefits. The plaintiff filed timely objections to the M&R (Doc. No. 20), which are now before the Court. For the reasons that follow, the Court rejects the plaintiff's objections to the M&R and upholds the Commissioner's decision.

**I. BACKGROUND**

On October 24, 2003, the plaintiff filed an application for a period of disability and Social Security disability benefits, alleging he was unable to work as of August 18, 2003, as a result of advanced diabetic peripheral sensory neuropathy that led to amputation of his right big toe. The plaintiff's claim was denied initially and upon reconsideration. The Court adopts the additional facts as stated in the M&R.

## II. DISCUSSION

### A. Standard of Review

A court may "designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of a variety of motions, including motions for summary judgment. 28 U.S.C. § 636(b)(1)(B). "[T]he magistrate judge shall file his proposed findings and recommendations . . . with the court . . . ." Id. § 636(b)(1)(C). A party may file specific, written objections to a magistrate judge's recommendations within ten days after being served with a copy of the recommended disposition. Id. § 636(b)(1); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) (holding that "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection"). A district judge must conduct a de novo review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1).

When reviewing an administrative law judge's ("ALJ") decision of whether a claimant is disabled under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), a court is limited to reviewing: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standard. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986) (explaining that a district court does not review a final decision of the Commissioner de novo). "Substantial evidence is defined as '. . . evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.'" Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984)

(quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Hays, 907 F.2d at 1456; see Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972) (explaining that the court should uphold the Commissioner's decision even if the court disagrees with the decision as long as it is supported by substantial evidence).

B. **Plaintiff's Objections to the M&R**

1. **Failure to Specify Listed Disability**

Pierson first objects to the ALJ's failure to specifically address whether he qualified as disabled under the requirements of Listing 9.08. (Doc. No. 20 at 1). Listing 9.08 requires that the plaintiff prove that he suffers from diabetes mellitus with neuropathy demonstrated by "significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station" consistent with § 11.00C of Appendix 1. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 9.08A. There must be a persistent disorganization of motor function, and the assessment of impairment depends upon the degree of interference with locomotion and/or use of the arms, hands and fingers. Id. § 11.00C.

When determining whether a claimant is disabled, an ALJ is required to explain his decision sufficiently to ensure "meaningful judicial review." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 119 (3d Cir. 2000) (citing Clifton v. Chater, 79 F.3d 1007, 1009 (10th Cir. 1996)). However, an ALJ is not required to mention the specific listing that was considered. See, e.g., Arroyo v. Comm'r of Soc. Sec., 155 Fed. App'x. 605, 608 (3d Cir. 2005) (explaining that the Third Circuit was able to "discern the particular listed impairments considered in [the]

3

case based on the ALJ's discussion of the relevant evidence and his related conclusion that [the claimant's] combined impairments were not severe enough to 'meet or medically equal one of the listed impairments'"); Diaz v. Comm'r of Soc. Sec., 89 Fed. App'x. 323, 327 (3d Cir. 2004) ("[A]lthough the ALJ's remarks fail to explicitly name each specific listing with § 404 argued by [the claimant], his referencing of the criteria for those listings is an adequate indicator that these listings were, in fact, considered."); Pepper ex rel. Gardner v. Barnhart, 342 F.3d 853, 855 (8th Cir. 2003) ("Although it is preferable that the ALJs address a specific listing, failure to do so is not reversible error if the record supports the overall conclusion."). But see Clifton, 79 F.3d at 1009 (explaining that the Tenth Circuit set aside the ALJ's determination because the ALJ "merely stated a summary conclusion that appellant's impairments did not meet or equal any Listed Impairment," without identifying the relevant listings, discussing the evidence, or explaining the reasoning). The ALJ is not required to discuss a specific listing as long as "the ALJ's treatment and consideration of this issue [is] not done in a perfunctory fashion." Adkins v. Astrue, 226 Fed. App'x. 600, 605-06 (7th Cir. 2007) (citing Ribaudo v. Barnhart, 458 F.3d 580, 583 (7th Cir. 2006)).

Here, the ALJ devoted several pages to a discussion of the doctors' opinions relating to diabetes mellitus, weighing the opinions of Pierson's physicians, and considering the issues relevant to Listing 9.08, including motor function, balance, gait and station (R. 17-22). See 20 C.F.R. Part 404, Subpart P, Appendix 1, § 9.08A (setting forth the listing requirements). Although the ALJ failed to refer to Listing 9.08 explicitly, the ALJ was clearly referring to Listing 9.08 when he stated that "[t]he medical evidence establishes that the claimant has 'severe' diabetes mellitus with neuropathy . . . but that he does not have an impairment or

4

combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4." (R. 23). The ALJ properly discussed the relevant evidence relating to Pierson's diabetes and explained his reasoning for concluding that his impairment was not medically equal to one of the Listings.

## 2. Failure to Properly Evaluate Testimony of Treating Physicians

Pierson also objects to the ALJ's failure to make any evaluation of the weight to be given to the evaluations of Dr. Beamon, the treating physician. (Doc. No. 20 at 1). Pierson asserts that the magistrate judge's evaluation of the evidence from the various physicians "should not be substituted for what the ALJ simply failed to do." (Doc. No. 20 at 1).

The Court finds that (1) there is substantial evidence to support the ALJ's ultimate determination that Pierson was disabled and (2) that the ALJ applied the proper legal standard when determining the weight of Dr. Beamon's opinion. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (stating the legal standard for reviewing an ALJ's opinion). The Fourth Circuit has held that "the opinions of treating and examining physicians deserve especial consideration." Grizzle v. Picklands Mather & Co., 994 F.2d 1093, 1097 (4th Cir. 1993); see Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (explaining that courts generally give greater weight to a treating physician's testimony because the treating physician has established a treatment relationship with the patient). However, the ALJ is not required to defer to the opinion of the treating physician. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). An "ALJ may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence." Id.

It was Dr. Beamon's opinion that Pierson be placed on disability. (R. 17). Even though

5

Dr. Beamon was the treating physician for Pierson, the ALJ assigned little weight to Dr. Beamon's opinion because it was given shortly after Pierson's right big toe was amputated. Additionally, Dr. Beamon gave his opinion while unaware of Pierson's statements to his foot specialist, Dr. Bloom, that he was "doing great." (R. 21).

Instead of relying heavily upon Dr. Beamon, the ALJ used other persuasive contrary evidence in his evaluation. For example, the ALJ noted that Pierson's amputation site was completely healed and that none of the doctors recommended surgery. Also, none of the doctors found Pierson's balance problems significant enough to prescribe a cane. (R. 20). Finally, the ALJ relied on evidence of Pierson's very active lifestyle "to support a finding that he retains significant residual capacities despite his impairment." (R. 20). Thus, there is substantial evidence that the ALJ properly considered and weighed the evidence of the opinion of Dr. Beamon. The facts relied upon by the ALJ also support the ultimate conclusion that Pierson was not disabled from working.

### 3. Failure to Consider the Testimony of the Vocational Expert

Pierson's last objection involves the fifth step that the ALJ makes in his determination of whether a claimant is eligible for social security benefits: whether the claimant is capable of performing other specified types of work. See Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520) (explaining the five-step inquiry). Pierson asserts that the ALJ and magistrate judge failed to address some of the testimony of the vocational expert ("VE"). (Doc. No. 20 at 2). According to Pierson, the VE's response to a hypothetical question by Pierson's attorney would eliminate two of the three jobs that the VE testified that Pierson was capable of performing. (Doc. No. 20 at 2). However, any of these three jobs, standing alone, is

sufficient to meet the requirement that the claimant is capable of performing other specified types of work.[1]

## III. CONCLUSION

Accordingly, after a careful review of the record in this case, the Court finds that the magistrate judge's findings of fact are supported by the record and his conclusions of law are consistent with and supported by current case law. Thus, the Court hereby accepts the M&R of Magistrate Judge Horn and adopts it as the final decision of this Court for all purposes relating to this case.

**IT IS, THEREFORE, ORDERED** that:

1. the defendant's Motion for Summary Judgment is **GRANTED**;

2. the plaintiff's Motion for Summary Judgment is **DENIED**; and.

3. the plaintiff's case against the defendant is **DISMISSED**.

Signed: October 3, 2008

Robert J. Conrad, Jr.
Chief United States District Judge

---

[1] The VE cited three jobs that Pierson was capable of performing: (1) calendar control clerk jobs (1,250 unskilled, light jobs in North Carolina, 40,963 nationwide); (2) ticket seller jobs (5,385 unskilled, light jobs in North Carolina, 173,100 nationwide); and (3) data examination clerk jobs (1,480 unskilled, sedentary jobs in North Carolina, 15,210 nationwide). (Doc No. 19 at 6).